**James P. D'ANGELO, receiver for Papantla Royalties Corporation, a dissolved Delaware corporation, Plaintiff,**

**v.**

**PETROLEOS MEXICANOS, a decentralized Institution pertaining to the Republic of Mexico, Defendant.**

**Civ. A. No. 74–17.**

United States District Court,
D. Delaware.

March 22, 1974.

William H. Bennethum, III, Wilmington, Del., for plaintiff.

Arthur G. Connolly, Jr., Connolly, Bove & Lodge, Wilmington, Del., for de-

fendant; Timothy P. Walsh, Hardin, Hess & Walsh, New York City, of counsel.

Walter L. Pepperman, II, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for Mobil Oil Corp.

## MEMORANDUM AND ORDER

EDWIN D. STEEL, Jr., Senior District Judge:

Plaintiff, James P. D'Angelo, is the receiver of Papantla Royalties Corporation ("Papantla"), a dissolved Delaware corporation, appointed by order dated December 21, 1956, of the Court of Chancery of Delaware. He has brought an action against the defendant, Petroleos Mexicanos, a decentralized governmental agency of the Republic of Mexico, a non-resident of the United States, to obtain an order requiring the defendant to account to the plaintiff for oil produced from wells in Mexico in which he claims that Papantla and plaintiff have royalty or participation interests as a result of the ownership of royalties and participation rights. The complaint alleges that the defendant was created by the Mexican government to manage and handle privately owned oil properties then existing in Mexico which it had seized on or about March 18, 1938 for the purpose of nationalizing the oil industry. The complaint alleges further that at the time Papantla was the owner of certain oil royalties and participation rights in certain of the properties so expropriated by the Mexican government but that those rights were never expropriated by the defendant or the Republic of Mexico. Further, the complaint alleges that the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs, and is between a citizen of a state of the United States and a citizen of a foreign state and hence within the jurisdiction conferred by 28 U.S.C. § 1332(a)(2).

The defendant has not appeared generally, but jurisdiction over property allegedly belonging to it was purportedly obtained by sequestration pursuant to 10 Del.C. § 366 and Rule 4(db) of the Delaware Court of Chancery, Del.C.Ann., by order dated January 28, 1974.

The defendant, "appearing solely for the purpose of challenging the jurisdiction of this Court", filed a motion to dismiss the complaint, (a) for lack of the Court's subject matter jurisdiction and (b) because plaintiff lacks authority to file the suit. It has also filed a motion to vacate the sequestration order on grounds which are presently unnecessary to detail.

Mobil Oil Corporation, whose alleged indebtedness to the defendant has been purportedly sequestered, has also filed a motion which seeks to vacate the sequestration and/or dismiss the complaint. It has agreed to confine itself to the points embraced in the motion of defendant.[1]

Before addressing itself to the numerous questions raised by the pending motions, the Court is confronted by the threshold question whether plaintiff, as a receiver, has the authority to bring the action. This is denied by the moving parties.

Before the present action was begun, plaintiff petitioned the Court of Chancery to authorize plaintiff to retain William H. Bennethum, III as an attorney to prepare and file suit on plaintiff's behalf "in this Court [the Court of Chancery] for an accounting" against Petroleos Mexicanos (the defendant in the instant case). Pursuant to said petition such authority was granted in September 1972. Thereafter, and pursuant to the authority thus obtained, plaintiff initiated an action against the defendant in the Court of Chancery, C.A. 4165. That action seeks the same relief and the complaint contains virtually the same allegations as does the complaint in this Court.

On December 5, 1973, the Court of Chancery entered an order which:

(a) granted the motion of the defendant to dismiss the complaint for lack of

1. See Paragraph 3 of the order of this Court dated February 26, 1974.

subject matter jurisdiction based on the "act of state" doctrine, for the reasons stated in the Court's opinion of November 6, 1973, 317 A.2d 38;

(b) vacated its sequestration order dated April 19, 1973, which purported to sequester property;

(c) stayed the dismissal and the vacation of the sequestration order on condition that a notice of appeal to the Supreme Court be filed within twenty days,[2] and

(d) Prohibited the plaintiff from applying for any further order of sequestration in the Court of Chancery and from seeking to sequester any additional property under the Court of Chancery order dated April 19, 1973, without giving five days' notice in writing to counsel of record for the defendant.

The action in this Court was begun on January 25, 1974, after an appeal had been taken to the Supreme Court from the Court of Chancery's order of December 5, 1973. The sequestration order which was obtained *ex parte* in this action not only purports to sequester property which is the subject of the April 19, 1973 sequestration order of the Court of Chancery (the vacation of which is presently stayed by the Court of Chancery) but also additional property which has not been sequestered under any order of the Court of Chancery.

■ Plaintiff is, of course, an officer of the Court of Chancery and his action in administering the estate is subject to its supervision. Responding to the defendant's challenge to plaintiff's authority to bring this action, plaintiff asserts that the order of February 8, 1957 by which he was appointed receiver, contains that authority. It empowers the plaintiff "to collect the debts and property due and belonging to [Papantla Royalties Corporation], with power to prose-

cute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, . . . ."[3]

If plaintiff had not begun C.A. 4165 against defendant in the Court of Chancery, it may be that by virtue of the general authorization of the appointive order he could have begun the instant action without specific authorization from that Court—a question which this Court finds it unnecessary to pass upon. But when the instant action was begun, the status of the case in the Court of Chancery was such that a serious question arises whether the general authority to sue contained in the order of plaintiff's appointment should be construed to empower him to bring the instant action. At the time when plaintiff was appointed, the Court of Chancery could not have foreseen that this action—a duplicate of C.A. 4165 in the Court of Chancery—would be brought by plaintiff while an appeal was pending in the latter action.

Ambiguous as the appointment order is as to the authority of plaintiff to bring the present suit under existing circumstances, it seems more appropriate, and indeed more seemly, for the Court which entered the appointive order to determine its meaning rather than for this Court to attempt to do so. This is especially so since the order authorizes the plaintiff to institute only such action to collect debts due Papantla as may be "necessary or proper". The authorization was subject to this limitation. The question whether it is in the interest of the receivership estate to have the present action prosecuted would appear to be one of particular interest to the Court of Chancery, involving as it does the possible incurrence of receiver's and attorney's fees payable out of the receivership estate, particularly as plaintiff's retention of an attorney to repre-

---

2. This Court is advised that such an appeal has been taken and may be argued in May of this year.

3. This same language is contained in § 279 of the Delaware Corporation Law, 8 Del.C.

§ 279, pertaining to the powers of receivers appointed for dissolved Delaware corporations.

sent him in this case has not yet been approved by the Court.

 Inasmuch as plaintiff's authority as a receiver to sue in this Court has been challenged by the defendant, the burden rests upon the plaintiff to establish that authority. Unless, therefore, within a period of fifteen days, the plaintiff presents to the Court of Chancery an application (with notice to defendant and Mobil Oil Corporation) for authority to continue the prosecution of the instant suit, and to retain an attorney for the purpose, the suit will be dismissed and the purported sequestration of defendant's property will be vacated. In the meantime further action in the case will be stayed.

So ordered.